AMERICAN CAN CO. et al. v. ERIE PRESERVING CO.

(Circuit Court, W. D. New York. February 20, 1909.)

No. 332.

PLEDGES (§ 11*)—NATURE AND ESSENTIALS—DELIVERY AND POSSESSION.

A valid pledge may be made by a corporation, although the property remains in its warehouse and one of its officers is made custodian for the pledgee, where it is set apart, distinctly marked, and where the pledgee in fact exercises full control over it.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 31–35; Dec. Dig. § 11.*]

In Equity. On exceptions to master's report.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Ernest F. Kruse, for claimant.
Hull & Comstock, for receivers.
Love & Keating, for intervening creditors.

HAZEL, District Judge. The facts of this case as fou...d by the master are approved. Such elicited facts in my estimation are sufficient to warrant the holding that to effectuate a legal pledge the specified goods were warehoused, and that there was an actual delivery of possession to the Bank of North Collins. The specified property was delivered as a pledge to secure the payment of a debt, and in consideration thereof the said bank released collateral notes to the Erie Preserving Company amounting to $10,000, which had previously been deposited with it. It was a valid debt, and there is nothing in the record to indicate the presumption that the parties intended to carry out any other object than to substitute the pledge for the collaterals released.

Upon the subject of the delivery of possession of the fruits, vegetables, and seed to the bank, it is shown by several witnesses that such articles were conspicuously marked as belonging to the bank. They were set apart from the unpledged and were not mixed with the other goods, but were assorted in such a way that identification was not difficult. Although Wode was an employé of the pledgor, he nevertheless in good faith and at the request of the bank became the custodian of the property pledged. The testimony of the witness Twichell strongly indicates that the bank exercised exclusive dominion and control over the property. He, as its representative, supervised the separation of the pledged property from the unpledged, and he placed appropriate and sufficient designation thereon claiming ownership in the bank. There was no legal objection to the employment of Wode by the bank as custodian of the property or to the storing of the property in defendant's warehouse. If, as claimed by the receivers, the transfer was made simply to secure the payment of an existing debt, and if there had been merely a paper possession, then it is true the bank could not now maintain that its lien was valid. The possession of the goods, however, was not merely apparent or colorable. On the contrary, the proofs are, as already indicated, that the bank became the owner of the property specified in the written document and controlled its disposition.

It is perhaps true, as contended, that there was an understanding that the pledged property would be released when the debt was paid, if then unsold by the bank; but this is not of controlling significance. There was nothing to interfere with the bank selling the property and applying the proceeds on the debt. I think in principle the case of Niagara County Bank v. Lord, 33 Hun (N. Y.) 557, may be safely applied to this case. There barrels of whisky contained in a warehouse were specified in the documents issued by the owners to the bank as a continuing collateral security for notes and debts. Thereafter the firm withdrew from storage a portion of the pledged whisky, but later the keys of the storage warehouse were delivered to the bank, and no one else had access thereto. Subsequently the whisky was sold, and the

proceeds applied on the note; but before such sale the pledgees made an assignment for the benefit of creditors. In an action by a judgment creditor attacking the validity of the pledge, the court held that the transfer was in good faith and the delivery of the receipt vested the title of the whisky in the bank. See, also, Securities Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117.

In the present case the writing was delivered, the property came into the possession of the bank, a custodian acting for the bank was in charge, the property was separated from the unpledged and tagged as to ownership, the bank had free access to the warehouse, and, as the transaction was in good faith and not in fraud of creditors, it follows that the exceptions to the report of the master must be overruled.